MICHAEL A. MCGILL (SBN 231613)
*mmcgill@adamsferrone.com*
ADAMS FERRONE & FERRONE APLC
4333 Park Terrace Drive, Suite 200
Westlake Village, CA 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

[*Counsel for Plaintiffs*,
SANTA MARIA CITY FIREFIGHTERS UNION,
IAFF LOCAL 2020, *et al*.]

[*See* Signature Block for Additional Plaintiffs]

**UNITES STATES DISTRICT COURT**

**DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SANTA MARIA CITY FIREFIGHTERS UNION, IAFF LOCAL 2020, JILL HOOVER, CLINT MCINTOSH, ANTHONY MORALES, ANTHONY TEVIS, and CHAD WENNERSTROM, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA MARIA, a public agency and/or municipal corporation; LEONARD CHAMPION, individually and as Fire Chief; JAYNE ANDERSON individually and as Director of Human Resources; RICK HAYDEN, individually, and as City Manager; and DOES 1 THROUGH 10, <br><br> Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## I.    **INTRODUCTION**

1.     This is an action asserting personal injury claims for victims of illegal retaliation suffered as a result of the Plaintiffs' lawful expression of individual civil rights, Plaintiffs' lawful exercise of liberties of free expression, and Plaintiffs lawful participation and engagement in labor, union, and labor activities.

## II.    **JURISDICTION AND VENUE**

2.     Plaintiffs' action is authorized by 42 U.S.C. § 1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States.  Jurisdiction is conferred on this Court by 28 U.S.C. § 1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. § 1343(4), providing for the protection of civil rights.

3.     Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.  This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue is proper in the Central District of California because the wrongs alleged herein occurred within the City of Santa Maria, within the Western Division of the Central District of California.

## III.    **PARTIES**

4.     Plaintiff Santa Maria Firefighters Union, IAFF Local 2020 (hereinafter referred to as "Association") is the exclusive bargaining representative for employees with classifications of Firefighter, Engineer and Captain within the City of Santa Maria.  Plaintiffs Jill Hoover, Clint McIntosh, Anthony Morales, Anthony Tevis, and Chad Wennerstrom (hereinafter may be referred to individually as "Plaintiff" or collectively as "Plaintiffs") are, and at all relevant times unless otherwise mentioned herein, were, employed by Defendant City of Santa Maria in the capacities of Firefighter, Fire Engineer, or Fire Captain.

-2-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Accordingly, Plaintiffs are entitled to the benefits and protections afforded to them by the Fire Fighter Bill of Rights Act, *see* CAL. GOV'T CODE, §§ 3250-3263.

5.     Defendant, City of Santa Maria (may be referred to hereinafter as "City"), is a duly constituted municipal corporation operating under the laws of the State of California, wholly situated in the County of Santa Barbara. The Santa Maria Fire Department (Department) is an operating department within the City.

6.     Defendant Leonard Champion ("Champion") is the Fire Chief for the City. As Fire Chief, Champion is a Department Head of the City and is the City's highest sworn fire and rescue official. Defendant Champion is an official policy-maker for the City and Department with respect to the adverse actions taken and alleged in this complaint. In doing the things alleged herein, Champion along with, and in conjunction with the other Defendants is vested with policy-making authority over the actions alleged in this complaint.

7.     Defendant Jayne Anderson ("Anderson") is the Director of Human Resources for the City. In doing the things alleged herein, Anderson along with, and in conjunction with the other Defendants is vested with policy-making authority over the actions alleged in this complaint.

8.     Defendant Rick Hayden ("Hayden") was at all relevant times the City Manager for the City. As the City's lead administrator, Hayden along with, and in conjunction with the other Defendants, is vested with policy-making authority over the actions alleged in this complaint. In doing the things alleged herein, each individual Defendant acted under the color of state law and within the course and scope of his or her employment.

9.     Defendant DOES 1 through 10 are not known or identified at this time. On information and belief, Plaintiffs allege that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said

-3-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants become known, Plaintiffs will seek relief to amend this complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

10.    Defendants, and each of them, were the agents, employees and servants of every other Defendant.  Defendants acted in the course and scope of said agency, service and employment at all relevant times.

## IV.    FACTS COMMON TO ALL COUNTS

11.    Plaintiffs were hired by The City and Department. During the relevant times periods, Plaintiffs were active union members of the Association. Further, they comprised the Executive Board Members for the Association. They were elected to these positions by the other members of Association. The Association is the recognized bargaining unit by the City for the classifications of firefighters, fire engineers and fire captain.  The Association is charged with representing its members with regard to their employment and labor matters with the City and FD.

12.    On or about March 25, 2016, interim Fire Chief Scott Kenley proposed that the captain's exam be opened to persons outside of The Santa Maria Fire Department. This had never been done by the Department.  Plaintiffs openly and vocally opposed the notion of going to the outside at that time on the basis that as a matter of past practice, this could not be done without meeting and conferring with the Association. The issue resolved itself at that time when 3 (three) internal candidates successfully promoted to Fire Captain in April of 2016.

13.    Opening up the process is a matter of public concern. Specifically, opening up the process to external candidates, fails to explore options for increasing the number of qualified internal candidates, and involves hiring individuals who may test well but do not possess vital knowledge of the lay-out of the city, the culture of the department, and the talents of existing personnel that they may supervise. Further, opening up the process to external candidates exposes the City and its citizens to serious damages, including but not limited lost revenue as the result of the extra spending required to hire outside the Department.

-4-

14.     As Executive Board members, Plaintiffs have represented numerous members when they have had conflicts, issues and grievances with the City and Department. Plaintiffs, as Association leaders, have consistently engaged in numerous protected activities, which included, but were not limited to: (1) speaking out at meetings about matters of public concern as well as matters relating to the efficiency and sustainability of the City, the workforce, and the Department; (2) filing, propounding, and providing assistance for, legally protected actions, non-exclusively including grievances, unfair labor charges, and arbitration requests; and (3) speaking to the public about matters that are unfair, unjust, inequitable and illegal that relate to the competency of management and ability to render proper fire and rescue services.  At all times, Plaintiffs' position and participation on the Executive Board rendered their activities protected under state and federal law, including, but not limited to, the California and United States Constitutions.

15.     The idea of opening the testing to outside candidates was raised again on January 17, 2017, by the newly appointed permanent Chief Champion. Again, Plaintiffs opposed the idea citing a well-established practice. By opening up the process to external candidate, it exposes Plaintiff Association and the citizens of Santa Maria to serious harm due to the lack of knowledge required for a person serving in a supervisory position in the Department. A candidate from the outside would be unaware of the institutional knowledge required of the position. The concerns that Plaintiffs expressed were outside of their ordinary course of employment.

16.     The relationship between the Executive Board and Champion has progressively deteriorated, as Champion has failed to honor and live up to many of his promises, and has engaged in dishonest and unethical behavior, alienating most of the sworn members of the Department. Champion's leadership or lack thereof, has negatively impacted the day-to-day morale of the rank and file firefighters and

-5-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

has tarnished the reputation of the once nationally-acclaimed agency.  These failures came to a head when the Association opposed Champion's decision to open the testing process up to external candidates. There are legitimate concerns about bringing in candidates that are not from within the system. This is not a scenario where Plaintiffs were simply attempting to look out for their own members; Plaintiffs were looking out for the citizens of The City. These candidates would not have the requisite information to properly conduct their jobs such as knowing the City, the practices of the Department, and the personnel.

17.    On or about January 25, 2017, Plaintiffs each received an email from Champion in which Champion stated that he was going to move forward with opening the Captains promotional testing to outside candidates and gave the date of February 22, 2017 as the date he planned to post the testing. This came after numerous attempts by Plaintiffs to discuss the issue with Champion.

18.    Plaintiffs Morales and Hoover happened to be at a conference of the International Association of Firefighters (IAFF) with Chris Mahon (Mahon) a representative from the California Professional Firefighters (CPF), the California arm of the IAFF. CPF is a labor organization in California with over 100 fire agencies in membership. They exist for the mutual benefit of their fire fighter members in matters of legislation, labor relations, politics and training amongst other matters. As a result of conversations with Plaintiffs, Mahon suggested that they try to work with Champion, but if that failed, have CPF broadcast a "Do Not Apply" notice via email alert to CPF members advising them that the matter was being handled contrary to law by Champion and recommending that the CPF members not apply for the test. In an act of solidarity and mutual support for CPF members, of which Plaintiffs were and is, CPF has routinely broadcast such notices to its members to keep professional fire fighters aware of the illegal actions of certain administrations and agencies.

19.    During the monthly Labor/Management meeting on February 1, 2017

-6-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs expressed opposition verbally and in writing to opening of the testing process and stated their position that Champion had to meet and confer with Association before moving forward. Champion, without advanced notice to Plaintiffs, publicly posted the job opening on February 10, 2017, 12 (twelve) days before his previously stated date.

20.    This action caught Plaintiffs by surprise and they turned back to CPF for help. CPF then prepared the email alert and sent it out to its members on February 21, 2017.

21.    On or about February 27, 2017, Champion sent a memorandum to all members of the Department expressing his dismay over the CPF alert, calling it "disingenuous" and a discredit to the department.

22.    On or about March 17, 2017, one day after the test (or the next day that they returned to work) Champion, in an act of retaliatory behavior, sent notices to individual Plaintiffs, who comprised the entirety of the Executive Board of the Association, stating that they were under investigation "Regarding a publication of a post discouraging external applicants from applying for employment with the City at the Fire Captain rank, an action with potentially serious consequences for the City, including but not limited to restricting the City's ability to fill open positions with the best possible candidates." The notice further threatened that they could face disciplinary action, including termination. They were also informed of the interview dates.

23.    Prior to the date of the interviews, counsel for Plaintiffs sent a letter placing the investigator and the City and Fire Department on notice that they were violating the rights of Plaintiffs. It also stated that they were infringing on such an obvious right that they would not enjoy the benefit of qualified immunity in the event that the Local took legal action against them. The interviews were temporarily delayed. Interestingly, in Defendant's response letter, counsel for the City acknowledged that an employer must exercise great caution when

-7-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

investigating matters of the exercise of speech and expression. The interviews were set and took place on May 22, 2017. On July 6, 2017, Champion sent a memorandum to the executive board members informing them that no charges were being sustained against them.

24. On or about April 9 and 10, 2018, Plaintiffs and Defendants City and Champion attended a Public Employee Relations Board (PERB) hearing regarding Defendants' failure to meet and confer. It was during this hearing that Champion testified under penalty of perjury that the decision to investigate Plaintiffs for their constitutional rights to speak out against the unlawful practice of Champion was made by himself, Hayden and Anderson.

25. The actions taken by Champion, Hayden, and Anderson are contrary to how any other promotion has been taken. Theirs actions are in bad faith, they are malicious and reckless. Defendants have retaliated against Plaintiffs due to their protected activities, including, but not limited to, their being Executive Board Members of the Association and associational activities, their political activities, as well as their right to seek redress, and his right to file a grievance under the grievance procedure.

26. In doing the things alleged to have been done here, Defendants violated, including but not limited to, Plaintiffs rights under 42 U.S.C. 1983. As a direct result of Plaintiffs exercising their constitutional rights to free speech and participating in labor, organizational, social and political activities as a member and Executive Board member of the Association, Defendants took the adverse actions against them. Absent said protected speech, Plaintiffs would not have suffered adverse employment actions, and would not have been injured. Investigations such as the ones proposed by Champion stay in their personnel file. There are additional statutory, common law, and constitutional provisions which Defendants have violated, all by engaging in the aforementioned actions. These ///

-8-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

additional provisions are included in this claim, whether they are expressly mentioned or not.

27.    In doing the things alleged in this complaint, Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General and special damages are sought according to proof.

28.    Plaintiffs claim damages from the Defendants including all damages arising from the aforementioned violations is undetermined, but as will be determined in Court.  Plaintiffs' damages exceed $25,000 and this matter would be an unlimited filing.

## V.    CAUSES OF ACTION
## COUNT ONE
### 42 U.S.C. § 1983
### Against Fire Chief Champion

29.    Plaintiffs hereby incorporate each and every preceding paragraph as though set forth in full here.

30.    Champion has deliberately harassed, discriminated and retaliated against Plaintiffs by investigating them for no other reason other than to retaliate for Plaintiffs' Association activity.

31.    In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression and to petition the government. Specifically, Defendants have taken the aforementioned action against Plaintiffs in direct retaliation for, and in response to their various protected activities, some of which have been described herein.  There are of course additional activities which have not been included in this claim.  The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as

-9-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

a municipality chartered under state law, and as policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

32.    These allegations, as well as any reasonable inferences from them, must be taken as true, and, if they are taken as true, they clearly show that the adverse actions taken against Plaintiffs were taken by individuals whose actions represent official policy. Here, it is without dispute that Champion possessed the requisite authority to implement the alleged adverse employment actions.

33.    The various acts of intimidation, reprisal, retaliation, suppression and/or restraint exercised by Defendants against Plaintiffs have created a chilling effect on their legitimate, political, social and organizational speech by creating fear, hesitation, hostility, and other destructive responses. It has also created a chilling effect on potential members from joining the Association and the Association from defending its members. By retaliating against members for openly defending themselves against a policy that could potentially harm citizens, it has created an atmosphere of fear surrounding union activities.

34.    It was or should have been plainly obvious to any reasonable policy making official of the City that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continued to violate Plaintiffs' clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants, and each of them, violated the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression, association and assembly. Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General and special damages are sought ///

-10-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

according to proof.  Punitive damages are sought against the individual defendants, according to proof.

## COUNT TWO

### *42 U.S.C. § 1983*

*Against Rick Hayden*

35.    Plaintiffs hereby incorporate each and every preceding paragraph as though set forth in full here.

36.    Hayden has deliberately harassed, discriminated and retaliated against Plaintiffs by investigation them for no other reason than to retaliate for Plaintiffs' Association activity.

37.    In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression and to petition the government. Specifically, Defendants have taken the aforementioned action against Plaintiffs in direct retaliation for, and in response to his various protected activities, some of which have been described herein.  There are of course additional activities which have not been included in this claim.  The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

38.    These allegations, as well as any reasonable inferences from them, must be taken as true, and, if they are taken as true, they clearly show that the adverse actions taken against Plaintiffs were taken by individuals whose actions represent official policy. Here, it is without dispute that Hayden possessed the requisite authority to implement the alleged adverse employment actions.

///

-11-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

39.     The various acts of intimidation, reprisal, retaliation, suppression and/or restraint exercised by Defendants against Plaintiffs have created a chilling effect on their legitimate, political, social and organizational speech by creating fear, hesitation, hostility, and other destructive responses. It has also created a chilling effect on potential members from joining the Association and the Association from defending its members. By retaliating against members for openly defending themselves against a policy that could potentially harm citizens, it has created an atmosphere of fear surrounding union activities.

40.     It was or should have been plainly obvious to any reasonable policy making official of City that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continued to violate Plaintiffs' clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants, and each of them, violated the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression, association and assembly. Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General and special damages are sought according to proof.  Punitive damages are sought against the individual defendants, according to proof.

## **COUNT THREE**

### *42 U.S.C. § 1983*

#### *Against Jayne Anderson*

41.     Plaintiffs hereby incorporate each and every preceding paragraph as though set forth in full here.

42.     Anderson has deliberately harassed, discriminated and retaliated against Plaintiffs by investigation them for no other reason than to retaliate for Plaintiffs' Association activity.

-12-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43.    In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression and to petition the government. Specifically, Defendants have taken the aforementioned action against Plaintiffs in direct retaliation for, and in response to his various protected activities, some of which have been described herein.  There are of course additional activities which have not been included in this claim.  The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.

44.    These allegations, as well as any reasonable inferences from them, must be taken as true, and, if they are taken as true, they clearly show that the adverse actions taken against Plaintiffs were taken by individuals whose actions represent official policy. Here, it is without dispute that Anderson possessed the requisite authority to implement the alleged adverse employment actions.

45.    The various acts of intimidation, reprisal, retaliation, suppression and/or restraint exercised by Defendants against Plaintiffs have created a chilling effect on their legitimate, political, social and organizational speech by createing fear, hesitation, hostilitity, and other destructive responses. It has also created a chilling effect on potential members from joining the Association and the Association from defending its members. By retaliating against members for openly defending themselves against a policy that could potentially harm citizens, it has created an atmosphere of fear surrounding union activities.

46.    It was or should have been plainly obvious to any reasonable policy making official of the City that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continued to violate

-13-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs' clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants, and each of them, violated the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression, association and assembly. Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General and special damages are sought according to proof.  Punitive damages are sought against the individual defendants, according to proof.

## COUNT FOUR

### *42 U.S.C. 1983*

*Against Defendant City of Santa Maria*

47.    Plaintiffs hereby incorporate each and every preceding paragraph as though set forth in full here.

48.    Under current City policy and practice, the Fire Chief is delegated the final policy making authority with regard to imposing discipline.

49.    To that end, when exercising his authority, Champion acted pursuant to official policies as well as longstanding practices or customs of the City that grant and delegate him authority with respect to implementing discipline against a firefighter.  In addition, Champion possessed final policymaking authority from the City with respect to discipline and performance of officers, as when carrying out these actions, acted as a final policymaker for the City.  *See* Ninth Circuit Manual of Model Civil Jury Instructions, 9.5.  *See also Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004) ("For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the [City].").  Pursuant to policy and practice, their actions are properly attributable to the City.

///

-14-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

50.     As a direct result of the Plaintiffs exercising their constitutional rights to free speech and participating in labor, organizational, social and political activities as members and leaders of the Association, Defendants took the adverse actions against them.  Absent said protected speech, Plaintiffs would not have suffered adverse employment actions, and would not have been injured.

51.     The various acts of intimidation, reprisal, retaliation, suppression and/or restraint exercised by Defendants against Plaintiffs have created a chilling effect on his legitimate political, social and organizational speech by creating fear, hesitation, hostility and other destructive responses. It has also created a chilling effect on potential members from joining the Association and the Association from defending its members. By retaliating against members for openly defending themselves against a policy that could potentially harm citizens, it has created an atmosphere of fear surrounding union activities.

52.     In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs under the First and Fourteenth Amendments to the United States Constitution to free expression, association and assembly. Specifically, Defendants have taken the aforementioned action against Plaintiffs in direct retaliation for, and in response to the various protected activities of Plaintiffs.

53.     Based upon information and belief, the acts and omissions of Defendants, and each of them, were done by Defendants under color of state law and as final policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed.  The acts and omissions described above were taken by the City's official policy makers as members charged with such responsibility.

54.     It was or should have been plainly obvious to any reasonable policy making official of City that the acts and omissions of Defendants as alleged herein,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

taking singly or in conjunction, directly violated and continued to violate Plaintiffs' clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General and special damages are sought according to proof.  Punitive damages are sought against the individual defendants, according to proof.

## VI.    **PRAYER**

WHEREFORE, Plaintiffs pray:

1. For general, special, compensatory, statutory, exemplary and punitive damages according to proof;

2. For costs of suit;

3. For attorney's fees as permitted by law; and

4. For any and all other appropriate relief the Court deems necessary.

## VII.    **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial under rule 38 of the Federal Rules of Civil Procedure, and rule 38-1 of the Local Rules of the Central District of California.

Dated:  March 15, 2019          Respectfully Submitted,

ADAMS FERRONE & FERRONE, APLC

/s/ MICHAEL A. MCGILL
          MICHAEL A. MCGILL (SBN SBN 231613)

[*Counsel for Plaintiffs* SANTA MARIA CITY FIREFIGHTERS UNION, IAFF LOCAL 2020, JILL HOOVER, CLINT MCINTOSH, ANTHONY MORALES, ANTHONY TEVIS, and CHAD WENNERSTROM]

-16-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF